FILED

2014 SEP 25 P 1:54

MARY PANKEY CIRCUIT CLERK
BY _____ DEPUTY

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS
### CIVIL DIVISION

| | |
|---|---|
| RICKY NORWOOD, § | |
| § | |
| Plaintiff, § | |
| § | CAUSE NO. 46CV-14-255-2 |
| vs. § | DIVISION CV-2 |
| § | |
| SWIFT TRANSPORTATION § | |
| COMPANY and DAVID PARKMAN, § | |
| § | |
| Defendants. § | |

### COMPLAINT

COMES NOW, Plaintiff Ricky Norwood (hereinafter referred to as "Plaintiff") and files this lawsuit for his causes of action against Defendants Swift Transportation Company and David Parkman and would show as follows:

### PARTIES

1. Plaintiff Ricky Norwood brings this action for the injuries and damages he sustained on February 8, 2014. Plaintiff is a citizen and resident of Texarkana, Miller County, Texas.

2. Defendant David Parkman is a citizen and resident of Joplin, Jasper County, Missouri. He is subject to service of process in this cause at his place of residence, 328 North Sergeant Avenue, Joplin, Missouri 64801.

3. Defendant Swift Transportation Company of Arizona, LLC is a limited liability company with its office in 220 S. 75TH Avenue, Phoenix, Arizona 85043. Swift Transportation Company of Arizona, LLC can be served with service of process by serving its registered agent, National Registered Agents, Inc. at 2390 e. Camelback Road Phoenix, Arizona 85016. Upon information and belief, Swift Transportation Company is

Complaint for Damages and Demand for Jury Trial          Page 1 of 11


EXHIBIT A

the employer of Defendant Parkman and owner of the semi truck-trailer driven by Defendant David Parkman.

4. All Defendants may, at times, be referred to collectively as "Defendants."

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Defendants because Defendants have availed themselves to the laws of this state as they are licensed to do business in Arkansas. Plaintiff will, therefore, show that Defendants engaged in activities constituting business in Arkansas.

6. Venue is also proper pursuant to § 16-55-213 because Miller County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## I. FACTS

7. On February 8, 2014, at approximately 1:55 A.M., Plaintiff's vehicle became immovable due to the conditions on Interestate-30 ("I-30") on the Red River Bridge in Fulton, Miller County, Arkansas.

8. Due to this situation, Plaintiff's vehicle was in the far right lane of the highway. Plaintiff exited his vehicle to assess the situation.

9. Plaintiff and other motorists were outside of their vehicles on the side of the roadway.

10. Plaintiff was traveling with two other motorists. Plaintiff phoned the two other motorists to warn them of the road conditions on the bridge.

11. These two motorists pulled over to assist Plaintiff.

12. While Plaintiff and the other motorists were still outside of their vehicles assessing the condition of the vehicles, they saw and heard a vehicle approaching them at

an unsafe speed due to the conditions, that was reckless, that was out of control, that was a danger to other motorists, that was a danger to other property, and that was being operated in an unsafe manner.

13. Plaintiff and the other individuals had to take immediate evasive action and steps to being avoided to being struck by the oncoming vehicle.

14. The oncoming vehicle was a tractor-trailer that was being driven by Defendant David Parkman. Defendant Parkman was headed eastbound when he approached the Red River Bridge.

15. Prior to reaching the bridge, Defendant Parkman was driving in a manner that was negligent, grossly negligent, and reckless.

16. Defendant Parkman's actions and/or omissions caused Plaintiff and the other individuals that were outside of their vehicles to take emergency evasive action. Due to the gravity of the immediate danger, Plaintiff Norwood and another motorist avoided the approaching tractor-trailer by jumping from the bridge into the river water below the bridge.

17. Plaintiff Norwoood made the jump into the water and was able to emerge from the water and reach the bank of the river. The other motorist that made the jump did not emerge from the water.

18. Plaintiff Norwood suffered serious physical, emotional, and psychological injuries as a result of the actions and omissions of Defendants and Defendant Parkman's operation of the tractor-trailer.

19. Upon information and belief, Defendant Parkman was employed by and was operating his tractor-trailer for Defendant Swift Transportation Company of Arizona, LLC.

20. The accident is/was being investigated by the Arkansas State Police.

## II. NEGLIGENCE

21. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

22. Defendants had a duty to exercise the degree of care that a reasonable person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

23. The negligent, careless and reckless disregard of duty of the Defendants include the following acts and omissions:

a. Failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

b. Failing to apply brakes to their vehicle in a timely manner to avoid the collision in question.

c. Failing to apply the brakes to their vehicle to avoid the collision in question.

d. Failing to drive their vehicle at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances.

e. Failing to avoid the collision in question.

    f. Failing to control speed.

    g. Failing to be properly attentive.

    h. Failing to take proper evasive action.

24. Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff' injuries and damages.

### III. RES IPSA LOQUITUR

25. Plaintiff incorporates the preceding paragraphs as if fully set forth herein. Additionally, and in the alternative, Defendants are liable to Plaintiff for the damages resulting from the injuries suffered by Plaintiff Ricky Norwood under the theory of *res ipsa loquitur*. Plaintiff's injures were caused by an instrumentality within the exclusive control, management and supervision of Defendants and their agents, servants, and employees.

26. Plaintiff would further show that an occurrence such as this does not ordinarily happen unless the persons or entities in control fail to exercise that degree of ordinary care to which Plaintiff and Decedent were entitled to expect. This raises a legal inference that the Defendants, through their agents, servants, or employees, failed to exercise ordinary care under the circumstances, entitling the jury to conclude that Defendants, their agents, servants, or employees were, in fact, negligent, and Plaintiff therefore relies upon the legal doctrine of *res ipsa loquitur*, meaning "the thing speaks for itself."

27. Further, Defendants should be required to come forward, and try to disprove, if they can, their failure to exercise ordinary care herein. All of the foregoing

conduct, both of omission and commission, on the part of Defendants, constituted proximate causes of the injuries and damages to Plaintiff herein, for which Defendants are jointly and severally liable.

### IV. NEGLIGENT ENTRUSTMENT

28. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

29. On the date of the incident in dispute, Defendant Swift Transportaiton was the owner and/or operator of the tractor-trailer driven by Defendant Parkman. Defendants entrusted the vehicle to Parkman, a reckless and incompetent driver. Defendants knew, or through the exercise of reasonable care should have known, that Defendant Parkman was a reckless and incompetent driver, or unlicensed in the United States. As described herein, Defendant Parkman was negligent on the occasion in question. Further, Defendant Parkman's negligence was the proximate cause of Plaintiff damages.

30. Defendants knew, or in the exercise of due care should have known, that its employee or agent was an incompetent and unfit driver and would create an unreasonable risk of danger to persons, passengers, and property on the public streets and highways of Arkansas, in that Defendant's employee was incompetent at the time of the entrustment as alleged above.

### V. GROSS NEGLIGENCE

31. Plaintiff incorporate the preceding paragraphs as if fully set forth herein.

32. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree

of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.

33. Defendants' had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

### VI. VICARIOUS LIABILITY

34. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

35. On the date of the incident in dispute, Defendant Swift Transportation was owner of the vehicle driven by Defendant Parkman.

36. On the date of the incident in dispute, an employer-employee relationship existed between Defendant Swift Transportation and Defendant Parkman. At the time of the accident Defendant Parkman was operating within the scope of his employment with Swift Transportation and his tortious acts were committed within said scope.

37. Defendant Swift Transportation is, therefore, vicariously liable under the doctrine of *respondeat superior*.

### VII. DAMAGES

38. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

39. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered substantial damages, including the following:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such

charges are reasonable and were usual and customary charges for such services in Miller County, Arkansas;

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering in the future;

e. Physical impairment in the past;

f. Loss of future earning capacity;

g. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

h. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

i. Disfigurement in the past;

j. Disfigurement in the future;

k. Mental anguish in the past; and

l. Mental anguish in the future.

40. To limit what a jury can ultimately award to Plaintiff, it is anticipated the Defendants will file a motion with the court demanding that Plaintiff amend her pleadings and state an absolute maximum amount of damages sought in this case, even though Plaintiff believes that such an act impermissibly invades the province of the jury and that in making this demand, Defendants pleadings suggest that jurors are unable to

carry out their constitutional duty to decide this case based upon the facts and arrive at a full and fair measure of damages suffered by Plaintiff.

41. Plaintiff will intermediately comply with Defendants' likely demand and so that no unwarranted restrictions are placed on the jury's ability to fairly decide the case, and in light of the recent trend of juries to award high compensatory damages in cases of this nature (not even considering the element of punitive damages), Plaintiff pleads in anticipated response to Defendants' demand that actual damages do not exceed $2,000,000.00.

42. Furthermore, the law affords an award of punitive damages as the sole vehicle for the civil punishment of a company. In other words, in this context, the law recognizes that it is impossible to put a company in jail; consequently, the law provides punitive damages to punish a company in certain situations. In this regard, Plaintiff acknowledges that it is the jury's responsibility to take part in the process by which corporations may be punished, and that in doing so, the jury is called upon to consider not only the egregious nature of Defendants' conduct, but the effect which an award of punitive damages will likely have upon these particular Defendants.

43. Plaintiff pleads the maximum amount of punitive damages allowed by law. Such amount is pled by Plaintiff due to the egregious nature of Defendants' conduct, Defendants' willful disregard for the life of the Decedent, and Defendants' substantial financial wealth, inasmuch as the jury is asked to consider that an award of especially significant damages will have a negative economic effect on Defendants' business which would, in turn, have the positive effect of deterring Defendants and others like Defendants from operating their financially successful business at the expense of the lives

of others.

44. Furthermore, because Defendants' knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage and continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred, Plaintiff is entitled to an award of punitive damages.

## VIII.  JURY DEMAND

45. Plaintiff demands that all issues of fact in this case be tried to a properly impaneled jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court and exemplary damages, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**KELLEY|WITHERSPOON, LLP**

Kevin Kelley
Ark. Bar No. 2010089
kelley@kwlawyers.com
1700 S. Broadway Street
Little Rock, Arkansas 72206
(972) 850-0500
(972) 850-0400 (fax)
kelley@kwlawyers.com

*ATTORNEYS FOR PLAINTIFF*